[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-15981

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02158 CV-GET-1

EUGENE PHILLIPS,
by and through his Guardian
Justin Oneal Toole,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

**(July 19, 2007)**

Before DUBINA and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

_____
*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Appellant, Eugene Phillips ("Phillips") appeals the district court's grant of summary judgment on his claim against the State of Georgia for violations of the rights conferred by the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l. ("Rehabilitation Act"). Phillips requests this court to decide as a matter of first impression whether the State of Georgia is liable under the Rehabilitation Act for the actions of a sheriff when the sheriff accepted funding directly from the Federal Government and without the State's knowledge or consent. After a thorough review of the record and with the benefit of the parties' briefs and oral arguments, we decline the temptation to address the merits of Phillips's argument, and we affirm the grant of summary judgment.

Phillips asserts that during his incarceration in the Carroll County, Georgia, Jail, Sheriff Terry Langley and his employees discriminated against him in violation of the Rehabilitation Act. He also asserts that Sheriff Langley, in his official capacity as the administrator of the Carroll County Jail, is an arm of the State. Furthermore, he asserts that Sheriff Langley accepted federal funding directly from the Federal Government, and, consequently, waived sovereign immunity from suit under the Rehabilitation Act. He contends, therefore, that the State of Georgia is liable for Sheriff Langley's alleged violation of the Rehabilitation Act.

2

However, we conclude from the record that it is unnecessary for us to reach the merits of Phillips's claim because Phillips has already settled his official capacity claim against Sheriff Langley. See "Agreement and General Release," section 4, ("Phillips knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, . . . Sheriff Terry Langley, individually and in his official capacity . . . of and from any and all claims, known and unknown, asserted and unasserted, Phillips has or may have against [him] . . . including but not limited to, any alleged violation of . . . any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance . . . .").

We reiterate that we do not in any manner reach the merits of Phillips's claim, nor do we imply that Phillips would succeed if we did reach the merits. We merely conclude that even *if* Phillips's claim is correct as a matter of law, it would still be barred by his settlement agreement. In fact, Phillips's counsel conceded this much at oral argument. When the court asked Phillips's counsel whether his argument would be different if he had settled his official capacity claim against Sheriff Langley, he conceded that "if I had settled with him in his official capacity, we would be talking about res judicata and collateral estoppel . . . ."

3

It is a longstanding rule of this court that we do not address constitutional questions if the appeal can be decided on other grounds. *See I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1553 (11th Cir. 1986). In this case, if we had found that Sheriff Langley is an arm of the State and that the State of Georgia did not enjoy sovereign immunity from Phillips's suit, we would conclude that Phillips's release of all claims against Sheriff Langley in his official capacity effectively released the State of Georgia from the same. Accordingly, we affirm the district court's grant of summary judgment.

AFFIRMED.